1  Timothy D. Cohelan, Esq., SBN 60827
   Isam C. Khoury, Esq., SBN 58759
2  Michael D. Singer, Esq., SBN 115301
   **COHELAN & KHOURY**
3  605 C Street, Suite 200
   San Diego, CA 92101-5305
4  TEL:   (619) 595-3001
   FAX:   (619) 595-3000
5  tcohelan@ck-lawfirm.com
   ikhoury@ck-lawfirm.com
6  msinger@ck-lawfirm.com

7  Perry G. Smith, Esq., SBN 210401
   **BARRITT SMITH LLP**
8  17310 Red Hill Avenue, Suite 140
   Irvine, CA 92614
9  TEL:   (949) 553-0700
   FAX:   (949) 553-0715
10 psmith@barrittsmith.com

11 Attorneys for Plaintiff Erfan "Eric" Amidi on behalf of
   himself and all others similarly-situated
12

13                **UNITED STATES DISTRICT COURT OF CALIFORNIA**

14                     **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERFAN "ERIC" AMIDI, on behalf of himself and all others similarly-situated, | ) CASE NO. 08CV0858 WQH (WMc) )  ) **FIRST AMENDED CLASS ACTION** ) **COMPLAINT** )  |
| Plaintiffs, | ) **1) Failure to Pay Overtime Wages (Lab.** ) **Code §1194)** ) |
| v. | ) **2) Failure to Provide Meal Periods or** ) **Compensation in Lieu Thereof (Lab. Code** ) **§§226.7, 512; IWC Wage Orders; Cal.** |
| SBC LONG DISTANCE, LLC, a Delaware Corporation, AT&T OPERATIONS, INC., a Delaware Corporation, and DOES 1 through 100, Inclusive, | ) **Code Regs., Title 8 §11040)** )  ) **3) Failure to Provide Rest Periods or** ) **Compensation in Lieu Thereof (Lab. Code,** ) **§226.7; IWC Wage Orders; Cal. Code** |
| Defendants. | ) **Regs., Title 8 §11040)** )  ) **4) Knowing and Intentional Failure to** ) **Comply With Itemized Employee Wage** ) **Statement Provisions (Lab. Code §226(b))** )  ) **5) Violations of the Unfair Competition** ) **Law (Bus. & Prof. Code §§17200-17208)** )  ) **DEMAND FOR JURY TRIAL** ) |

---

FIRST AMENDED CLASS ACTION COMPLAINT                    CASE NO. 08CV0858 WQH(WMc)

Plaintiff Erfan "Eric" Amidi on behalf of himself and all others similarly-situated, complain and alleges as follows:

## I.

## **INTRODUCTION**

1. This case arises out of defendants' misclassification of proposed class members as exempt from overtime pay, resulting in the non-payment of overtime compensation and failure to provide rest and meal periods to certain California Information-Technology (IT) employees of Defendants SBC Long Distance, LLC and AT&T Operations, Inc., (hereinafter collectively referred to as "SBC" or "Defendants.") The job titles for these proposed SBC class members have changed through the years encompassed by this action, though job tasks have changed very little, if at all. The proposed plaintiff Class covers Database Administrators, Systems Administrators, Network Administrators and all other exempt job positions converted to non-exempt positions on January 1, 2008, except for those job positions covered in the *Huang v. SBC Services, Inc., et al.,* U.S.D.C. Case No. 06 CV2238 DMS (WM) and the *Shoff v. ATT, SBC Services, Inc.*, *et al.,* U.S.D.C. Case No. 07CV3289 DSF (AGRx) matters. These IT employees primarily performed non-exempt functions for the Defendants and were misclassified as exempt employees and not paid overtime compensation during the Class Period, which is defined as four years prior to the filing of the Complaint through the date of trial.

2. The Overtime subclass includes class members who were not paid overtime compensation. The Meal Period subclass includes Class Members who were denied meal periods and commensurate pay under Labor Code sections 226.7 and 512. The Rest Period subclass includes Class Members who were denied rest periods and commensurate pay under Labor Code section 226.7.

3. Class members who ended their employment with the Defendants during the Class Period, but who were not timely paid wages as required by the Labor Code are entitled to penalties pursuant to California Labor Code section 203.

4. Class members are entitled to penalties pursuant to Labor Code section 226(b) for Defendants' failure to provide accurate itemized wage statements.

5. As used herein, the term "Plaintiff" means Erfan "Eric" Amidi, who is the named Plaintiff Class representative; the term "Plaintiff Class" includes the Plaintiff and all members of the proposed Class.

6. Plaintiff seeks restitution and compensation for work performed and moneys due himself and the Plaintiff Class and subclasses during the "Class Period," which is defined as four years prior to the filing of this action through the trial date, based upon information and belief that the Defendants are continuing, and will continue, their unlawful practices as described herein.

## II.

## JURISDICTION AND VENUE

7. United States District Court, Southern District of California has jurisdiction in this matter according to 28 U.S.C. section 1332 because: 1) one or more Defendant is not a citizen of this state, but does conduct business in good standing within the State of California on a regular basis; 2) the Plaintiff is a citizen of California; and 3) exclusive of interests and costs, the liability to the class is likely to exceed the statutory minimum of $5,000,000.

8. Venue is proper in the Southern District of California as this Court has personal jurisdiction over Defendants, who regularly conduct business in San Diego County.

## III.

## THE PARTIES

A. **The Plaintiffs**

9. Plaintiff Erfan "Eric" Amidi is an employee of the Defendants and entitled to overtime compensation, rest and meal period compensation, wage statement penalties, and waiting time penalties from the Defendants. Erfan "Eric" Amidi was employed by the Defendants for a period of time during the Class Period in a salaried position.

10. Each of the Plaintiff Class members are identifiable, similarly-situated persons who were employed in the position of Database Administrator, Systems Administrator, Network Administrator, and all other exempt job positions converted to non-exempt positions on January 1, 2008, except for those job positions covered in the *Huang v. SBC Services, Inc., et al.,* U.S.D.C. Case No. 06 CV2238 DMS (WM) and the *Shoff v. ATT, SBC Services, Inc.*, *et al.,*

U.S.D.C. Case No. 07CV3289 DSF (AGRx) matters.

**B.     The Defendants**

11.     Plaintiff is informed and believes, and based thereon alleges, that SBC Long Distance, LLC is a Delaware corporation with its principal place of business in San Antonio, Texas and is and was the employer of Plaintiff and the members of Plaintiff Class and subclasses during the Class Period.

12.     Plaintiff is informed and believes, and based thereon alleges, that AT&T Operations, Inc. is a Delaware corporation with its principal place of business in San Antonio, Texas and is and was the employer of Plaintiff and the members of Plaintiff Class and subclasses during the Class Period.

13.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 100, inclusive, but on information and belief allege that said Defendants are legally responsible for the payment of overtime compensation, rest and meal period compensation and/or Labor Code section 203 penalties to the Plaintiff Class members by virtue of their unlawful practices, and therefore sue these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

14.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## GENERAL ALLEGATIONS

15.     California Labor Code section 1194, provides that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of their overtime compensation, including interest thereon, reasonable attorneys fees, and costs of suit.

16.     Further, Business and Professions Code section 17203 provides that any person

who engages in unfair competition may be enjoined in any court of competent jurisdiction. Business and Professions Code section 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action for restitution in a court of competent jurisdiction.

17. During all, or a portion, of the Class Period, Plaintiff and each member of the Plaintiff Class were employed by Defendants and each of them, in the State of California.

18. Plaintiff and each Plaintiff Class member were non-exempt employees covered under one or more Industrial Welfare Commission (IWC) Wage Orders, including Wage Order 4-2000, 4-2001 ("Wage Orders"), Labor Code section 510, and/or other applicable wage orders, regulations and statutes, and each Plaintiff Class member was not subject to an exemption for computer, executive, administrative or professional employees, which imposed an obligation on the part of the Defendants to pay Plaintiff and Plaintiff Class members lawful overtime compensation, and denied rest and meal period compensation.

19. During the Class Period, Defendants were obligated to pay Plaintiff and the Plaintiff Class overtime compensation for all hours worked over eight (8) hours of work in one (1) day or forty (40) hours in one week. Defendant regularly required Plaintiff and the Plaintiff Class to work overtime hours without overtime compensation.

20. Plaintiff and each Plaintiff Class member primarily performed non-exempt work in excess of the maximum regular rate hours set by the IWC in the above Wage Orders, regulations or statutes, and therefore entitled the Plaintiff and Plaintiff Class members to overtime compensation at the rate of time and one-half, and when applicable, double time rates as set forth by the above Wage Orders, regulations and/or statutes.

21. During the Class Period, the Defendants, and each of them, required Plaintiff and Plaintiff Class members to work overtime without lawful compensation, in violation of the various above applicable Wage Orders, regulations and statutes, and the Defendants: (1) willfully failed and refused, and continue to fail and refuse to pay lawful overtime compensation to the Plaintiff Class members; and (2) willfully failed and refused, and continue to fail and refuse to pay wages promptly when due upon termination of employment to each of the Plaintiff Subclass

1 Members.

22. During the Class Period, the Defendants, and each of them, required members of the Plaintiff Class to work without being given paid 10-minute rest periods as required by law and without being given a 30-minute meal period and second 30-minute meal periods as required by law, during which Plaintiff Class members were relieved of all duties and free to leave the premises. Defendants did not pay any Class member one hour's pay at the employee's regular rate of pay as premium pay compensation for failure to provide rest and/or meal periods.

23. Class member IT employees in the Database Administrator, Systems Administrator, Network Administrator job positions and all exempt job positions converted to non-exempt positions on January 1, 2008, except for those job positions covered in the *Huang v. SBC Services, Inc., et al.,* U.S.D.C. Case No. 06 CV2238 DMS (WM) and the *Shoff v. ATT, SBC Services, Inc.*, *et al.,* U.S.D.C. Case No. 07CV3289 DSF (AGRx) matters, during the Class Period performed primarily non-exempt functions for the Defendants and were misclassified as exempt employees. They do not qualify under the corporate professional exemption because they are not paid statutory minimum pay to qualify for this exemption.  They are not employed to manage Defendants' enterprise in managerial duties. They do not perform work related to Defendants' general business operation but primarily perform functions related to the product or service provided by Defendants and do not exercise discretion and/or independent judgment to be exempt in an administrative capacity. Further, they are not employed on an hourly basis with pay not less than the statutory rate set by the IWC Wage Orders and premium overtime pay.  Hence, the work performed in these employee positions is not exempt work but rather is non-exempt work.

24. Class members who ended their employment during the Class Period, but were not paid the above due overtime compensation timely upon the termination of their employment as required by Labor Code sections 201-203, are entitled to penalties as provided by California Labor Code section 203.

25. Class members are likewise entitled to penalties for defendants' failure to provide accurate itemized wage statements concerning hours worked and meal periods taken.

# V.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and all other similarly-situated persons, as a class action pursuant to Federal Rule of Civil Procedure 23. The class which Plaintiff seeks to represent is composed of and defined as follows:

Plaintiff Class: All California SBC Long Distance, LLC and AT&T Operations, Inc. Database Administrators, Systems Administrators, Network Administrators, and all other exempt job positions converted to non-exempt positions on January 1, 2008 except for those job positions covered in the *Huang v. SBC Services, Inc., et al.,* U.S.D.C. Case No. 06 CV2238 DMS (WM) and the *Shoff v. ATT, SBC Services, Inc.*, *et al.,* U.S.D.C. Case No. 07CV3289 DSF (AGRx) matters.

27. Further, Plaintiff seeks to certify a subclass of employees composed of and defined as follows:

Plaintiff Subclass (Overtime):

All California SBC Long Distance, LLC and AT&T Operations, Inc. Database Administrators, Systems Administrators, Network Administrators, and all other exempt job positions converted to non-exempt positions on January 1, 2008, except for those job positions covered in the *Huang v. SBC Services, Inc., et al.,* U.S.D.C. Case No. 06 CV2238 DMS (WM) and the *Shoff v. ATT, SBC Services, Inc.*, *et al.,* U.S.D.C. Case No. 07CV3289 DSF (AGRx) matters, who, within four years of the filing of this complaint, were classified as exempt employees and not paid the legally requisite overtime rate for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per workweek.

28. Further, Plaintiff seeks to certify a subclass of employees composed of and defined as follows:

Plaintiff Subclass (Meal Period):

All California SBC Long Distance, LLC and AT&T Operations, Inc. Database Administrators, Systems Administrators, Network Administrators, and all other exempt job positions converted to non-exempt positions on January 1, 2008, except for those job positions covered in the *Huang v. SBC Services, Inc., et al.,* U.S.D.C. Case No. 06 CV2238 DMS (WM) and the *Shoff v. ATT, SBC Services, Inc.*, *et al.,* U.S.D.C. Case No. 07CV3289 DSF (AGRx) matters, and who, within four years of the filing of this complaint, worked periods exceeding five hours without an uninterrupted, off-duty, 30-minute meal period and/or periods in excess of ten hours without a second uninterrupted, off-duty, 30-minute meal periods, and were not provided compensation of one hour's pay at the employee's regular rate for each such day.

29. Further, Plaintiff seeks to certify a subclass of employees composed of and defined as follows:

Plaintiff Subclass (Rest Period):

All California SBC Long Distance, LLC and AT&T Operations, Inc. Database Administrators, Systems Administrators, Network Administrators, and all other exempt job positions converted to non-exempt positions on January 1, 2008, except for those job positions covered in the *Huang v. SBC Services, Inc., et al.,* U.S.D.C. Case No. 06 CV2238 DMS (WM) and the *Shoff v. ATT, SBC Services, Inc., et al.,* U.S.D.C. Case No. 07CV3289 DSF (AGRx) matters, and who, within four years of the filing of this complaint, worked periods of four hours or a major fraction thereof without a rest period of at least 10-minutes without compensation of one hour's pay at the employee's regular rate for each such day.

30. Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

31. This action has been brought and may be maintained as a class action pursuant to FRCP 23 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

    a. The Plaintiff Class and Plaintiff Subclass members are so numerous that the individual joinder of all such plaintiffs is impractical. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes there are well over 100 class members. Therefore, joinder of all Plaintiff Class and Plaintiff Subclass members is impractical.

    b. Common questions of law and fact exist as to the Plaintiff, Plaintiff Class and Plaintiff subclass members, and predominate over any questions which affect only individual members of the Plaintiff Class and Subclass. These common questions include, but are not limited to:

        (1) Whether Plaintiff and Plaintiff Class members are entitled to overtime compensation from the Defendants under the applicable IWC Wage Orders, regulations and statutes, or whether each member of the Plaintiff Class is "exempt" from the requirements of overtime compensation as set forth in the applicable Wage Orders, regulations and statutes;

        (2) Whether the Class members as a Class primarily performed non-exempt related functions and spent less than 50% percent of their time performing exempt functions;

        (3) Whether Defendants failed to provide proper rest and meal periods or appropriate premium pay in lieu thereof;

          (4)     Whether the Defendants violated Unfair Competition Law, Business and Professions Code sections 17200, et seq., by their practices as alleged herein;

          (5)     Whether Defendants violated section 1174 of the Labor Code by failing to keep accurate records of the Plaintiff Class members' hours of work;

          (6)     The effect upon and the extent of any injuries sustained by the Plaintiff Class and Plaintiff Subclass members and appropriate type and/or measure of damages;

          (7)     Whether the separated employee members of the class are entitled to waiting time penalties under Labor Code section 203;

          (8)     The amount of restitution owed by the Defendants attributable to their violation of the Unfair Competition Law for failure to pay overtime compensation to the class members, and other wage violations;

          (9)     The appropriateness and nature of relief to each Plaintiff Class and Subclass member;

          (10)    The appropriate nature of class wide equitable relief; and

          (11)    The extent of liability of each Defendant, including DOE Defendants, to each Plaintiff Class and Subclass member.

     c.     Plaintiff is a member of the Plaintiff Class and subclasses, and has claims typical of the claims of the Plaintiff Class and subclass members. Plaintiff and all members of the Plaintiff Class and subclasses sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of the law as alleged herein.

     d.     Plaintiff will adequately and fairly protect the interests of the members of the Plaintiff Class and subclasses. Plaintiff has been employed by the Defendants and paid on a salary basis as an exempt employee; however, he was in fact primarily performing non-exempt duties at all times during the class period. He was not provided rest and meal periods, nor compensation as required under IWC Wage Order 4. Therefore he is an adequate representative for the Plaintiff Class and subclasses, as he has no interest adverse to the interests of the absent class members. Plaintiff is represented by legal counsel who have substantial class action experience in complex civil litigation and employment law.

e. A class action is superior to other available means of fair and efficient adjudication of the claims of the Plaintiff Class subclass members, since joinder of all members of the Plaintiff Class and subclasses is impractical.  Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiffs or to the court system. Further, the damages of many individual class members may be relatively small, and the burden and expenses of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief, while a class action will serve an important public interest.  Moreover, individual litigation would present the potential for inconsistent or contradictory judgments.

32. Plaintiff is unaware of any difficulties likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Plaintiff, Plaintiff Class and all Subclass Members against each Defendant)**

33. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

34. Plaintiff and members of the Plaintiff Class and subclasses were regularly required to work overtime hours and are entitled to overtime compensation for overtime work performed for the Defendants, in an amount according to proof.  Pursuant to Labor Code section 1194, the Plaintiff Class members seek the payment of all overtime compensation which they earned and accrued after four (4) years prior to filing of this complaint, according to proof.

35. Additionally, Plaintiff and Plaintiff Class members are entitled to attorneys' fees, and costs, pursuant to California Labor Code section 1194 and prejudgment interest.

Wherefore, Plaintiff and members of the Plaintiff Class and subclasses request relief as hereinafter prayed for.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF
**(Plaintiff, Plaintiff Class and all Subclass Members against each Defendant)**

36. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

37. Plaintiff and Plaintiff Class members are entitled to an hour of pay for each day that Defendants failed to properly provide one or more meal periods as set forth in the IWC Wage Orders, in an amount according to proof. Pursuant to Labor Code sections 226.7 and 512, the Plaintiff Class members seek the payment of all meal period compensation which they are owed, according to proof.

38. Additionally, Plaintiff, Plaintiff Class and Subclass members are entitled to attorneys fees, and costs, and prejudgment interest.

Wherefore, Plaintiff and subclass members request relief as hereinafter prayed for.

## THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF
**(Plaintiff, Plaintiff Class and all Subclass Members against each Defendant)**

39. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

40. Plaintiff and Plaintiff Class members are entitled to an hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC wage orders, in an amount according to proof. Pursuant to Labor Code section 226.7, the Plaintiff Class members seek the payment of all rest period compensation which they are owed according to proof.

41. Additionally, Plaintiff and subclass members are entitled to attorney's fees, and costs, and prejudgment interest.

Wherefore, Plaintiff and subclass members request relief as hereinafter prayed for.

## FOURTH CAUSE OF ACTION
### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS
**(Plaintiff, Plaintiff Class and all Subclass Members against each Defendant)**

42. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged

herein.

43. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff and members of the proposed Class.

44. As a consequence of Defendants' knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff and the Class he seeks to represent are entitled to actual damages or penalties not to exceed $4000 for each employee pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

Wherefore, Plaintiff and the Class he seeks to represent request relief as described below.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF UNFAIR COMPETITION LAW**
**(Plaintiff, Plaintiff Class and all Subclass Members against each Defendant)**

45. Plaintiff incorporates all preceding paragraphs of this complaint as if fully alleged herein.

46. The failure to pay lawful overtime compensation and rest and meal period pay to each Plaintiff Class member, and timely pay all pay due upon termination of employment to each subclass member, is an unlawful and unfair business practice within the meaning of Business and Professions Code sections 17200, et seq., including but not limited to a violation of the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes, or is otherwise a practice which is otherwise unfair and unlawful, including that the Defendants did not pay tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare and Unemployment Insurance.

47. This cause of action is brought under Business and Professions Code sections 17203 and 17204, commonly called the Unfair Competition Law. Under this cause of action and pursuant to Business and Professions Code section 17208, Plaintiff and all Plaintiff Class members seek restitution of overtime wages and other pay owed, where such wages were due each of the class members during the Class Period, commencing four (4) years prior to filing of this

complaint, according to proof.

48. This cause of action is brought as a cumulative remedy as provided in Business and Professions Code section 17205, and is intended as an alternative remedy for restitution for Plaintiff, each Plaintiff Class member and each subclass member for the time period, or any portion thereof, commencing within four (4) years prior to the filing of this complaint, and as the primary remedy for Plaintiff, each Plaintiff Class member and each subclass member for the time period of the fourth year prior to the filing of this complaint, as such one year time period exceeds the statute of limitations on statutory wage claims.

49. As a result of the Defendants' unlawful and unfair business practice of failing to pay overtime and prompt payment of wages in violation of Labor Code sections 201 and 202, each Plaintiff Class member and Subclass member has suffered damages and is entitled to restitution in an amount according to proof.

50. Further, Plaintiff requests the violations of the Defendants alleged herein be enjoined, and other equitable relief as this court deems proper including an order for the reclassification of Class Members to non-exempt status, and requiring and furnishing rest and meal periods and requiring payment by the Defendants of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medicare, Unemployment Insurance or other appropriate payments.

Wherefore, Plaintiff, Plaintiff Class and subclass members request relief as hereinafter prayed for.

## VII.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on his own behalf and on behalf of the Plaintiff Class and subclasses pray as follows:

1. That the court determine this action may be maintained as a class action and certify the Plaintiff Class and each Plaintiff Subclass;

2. That the court determine that the failure of the Defendants to pay overtime compensation to the Plaintiff and each Plaintiff Class member be adjudged and decreed to violate

1 the applicable IWC Wage Orders, regulations and statutes;

2   3.   That the Defendants be ordered to pay and judgment be entered for overtime wages for Plaintiff and each Plaintiff Class member on the First Cause of Action, according to proof;

4   4.   That the Defendants be ordered to pay and judgment be entered for meal period pay on the Second Cause of Action, according to proof;

6   5.   That the Defendants be ordered to pay and judgment be entered for rest period pay on the Third Cause of Action, according to proof;

8   6.   That the Defendants be ordered to pay and judgment be entered for Labor Code section 203 penalties according to proof;

10   7.   That the Defendants be ordered to pay and judgment be entered for penalties as authorized by Labor Code section 226(e) to Plaintiff and each subclass member on the Fourth Cause of Action, according to proof;

13   8.   That the Defendants be found to have engaged in unfair competition in violation of Business and Professions Code sections 17200, et seq.;

15   9.   That the Defendants be ordered and enjoined to pay restitution to Plaintiff, each Plaintiff Class member and each Plaintiff subclass member due to the Defendants' unlawful and unfair competition, including disgorgement of their wrongfully withheld wages and pay owed according to proof, and interest thereon pursuant to Business and Professions Code sections 17203 and 17204, on the Fifth Cause of Action;

20   10.   That Defendants be enjoined from further acts of unfair competition and specifically from failing to pay overtime compensation and failing to provide rest and meal periods or appropriate compensation in lieu thereof to class members on the Fifth Cause of Action;

24   11.   That Plaintiff, Plaintiff Class, and subclass members be awarded attorneys fees and costs pursuant to statute, including but not limited to Labor Code section 1194 and Code of Civil Procedure section 1021.5;

27   12.   Otherwise determine the appropriate remedy to compensate Plaintiff, each Plaintiff Class and each subclass member as required to promote fairness and justice, including but not

1 limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

13. Prejudgment Interest; and

14. Any other relief as this court deems proper.

COHELAN & KHOURY
BARRITT SMITH LLP
Counsel for Plaintiff

Dated: June 5, 2008              By:   s/Timothy D. Cohelan
                                       Timothy D. Cohelan

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

COHELAN & KHOURY
BARRITT SMITH LLP
Counsel for Plaintiff

Dated: June 5, 2008              By:   s/Timothy D. Cohelan
                                       Timothy D. Cohelan