1   J. AL LATHAM, JR. (SB# 71605)
    DEBORAH S. WEISER (SB# 167132)
2   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    515 South Flower Street
3   Twenty-Fifth Floor
    Los Angeles, CA 90071-2228
4   Telephone: (213) 683-6000
    Facsimile: (213) 627-0705
5   Email: allatham@paulhastings.com
           deborahweiser@paulhastings.com
6
    Attorneys for Defendants
7   SBC LONG DISTANCE, LLC and
    AT&T OPERATIONS, INC.
8

9                   UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  ERFAN "ERIC" AMIDI, on behalf      CASE NO. 08CV0858 WQH (WMc)
    of himself and all others similarly-
14  situated,                          **DEFENDANTS' ANSWER TO
                                        PLAINTIFF'S FIRST AMENDED
15                Plaintiffs,           COMPLAINT**

16         vs.                         Judge:    William Q. Hayes

17  SBC LONG DISTANCE, LLC, a          Class Action Complaint Filed:
    Delaware Corporation, AT&T             May 13, 2008
18  OPERATIONS, INC., a Delaware
    Corporation, and DOES 1 through
19  100, Inclusive,

20                Defendants.

21

22

23

24

25          Defendants SBC Long Distance, LLC and AT&T Operations, Inc.

26  ("Defendants") hereby answer Plaintiff's Erfan "Eric" Amidi's ("Plaintiff") First

27  Amended Complaint ("Complaint") as follows:

28

1

## I. INTRODUCTION

2

3    1.    Answering Paragraph 1, Defendants admit that Plaintiff purports

4    to bring this action on behalf of a class of persons who worked for them in

5    California in Information Technology (IT) positions identified as Database

6    Administrators, Systems Administrators, Network Administrators and all other

7    exempt jobs converted to non-exempt on January 1, 2008 except for those covered

8    in either the matters of *Huang v. SBC, Inc., et al.,* or *Shoff v. AT&T Services, Inc.,*

9    *et al.* Defendants admit that Plaintiff wishes to define the class period as four years

10   prior to the filing of the Complaint through the date of trial. Except as admitted,

11   Defendants deny each and every allegation contained therein. Defendants further

12   deny that any class exists or should be certified in this case.

13

14   2.    Answering Paragraph 2, Defendants admit that Plaintiff purports

15   to bring this action as a class action with three subclasses as identified. Except as

16   admitted, Defendants deny each and every allegation contained therein. Defendants

17   further deny that any class or subclasses exist or should be certified in this case.

18

19   3.    Answering Paragraph 3, Defendants deny each and every

20   allegation contained therein. Defendants further deny that any class exists or

21   should be certified in this case. Defendants further deny that any members of the

22   class Plaintiff purports to represent have been damaged at all.

23

24   4.    Answering Paragraph 4, Defendants deny each and every

25   allegation contained therein. Defendants further deny that any class exists or

26   should be certified in this case. Defendants further deny that any members of the

27   class Plaintiff purports to represent have been damaged at all.

28

5.    Answering Paragraph 5, Defendants admit that Plaintiff purports to be a representative of a proposed Class. Defendants deny that any class exists or should be certified in this case.

6.    Answering Paragraph 6, Defendants admit that Plaintiff seeks restitution and compensation for work performed and moneys allegedly due. Defendants further admit that Plaintiff's Complaint defines the Class Period as four years prior to the filing of this action through the trial date. Except as admitted, Defendants deny each and every remaining allegation contained therein. Defendants further deny that any class exists or should be certified in this case. Defendants further deny that Plaintiff, or any members of the class he purports to represent, have been damaged at all.

## II. JURISDICTION AND VENUE

7.    Answering Paragraph 7, Defendants admit and allege that at times material herein, they have conducted business in good standing within the State of California. Defendants lack knowledge or information as to the truth of the allegation that Plaintiff is a citizen of the State of California, and on that basis, deny this allegation. Defendants expressly deny that they bear liability to the purported class in excess of the statutory minimum. Defendants further deny that Plaintiff, or any members of the class he purports to represent, have been damaged at all. Except as admitted and denied, the allegations set forth contained therein assert legal conclusions to which no response is required.

8.    Answering Paragraph 8, Defendants admit that they have conducted business in this judicial district. Except as admitted, the allegations set forth in this Paragraph contain legal conclusions to which no response is required.

### III. THE PARTIES

**A.    The Plaintiff**

9.    Answering Paragraph 9, Defendants admit that they have employed Plaintiff as a salaried employee during different periods of time in the four years prior to the filing of this Complaint. Except as admitted, Defendants deny each and every remaining allegation contained therein. Defendants further deny that any class exists or should be certified in this case. Defendants further deny that Plaintiff, or any members of the class he purports to represent, have been damaged at all.

10.    Answering Paragraph 10, Defendants deny each and every allegation contained therein. Defendants further deny that any class exists or should be certified in this case.

**B.    The Defendants**

11.    Answering Paragraph 11, defendant SBC Long Distance, LLC admits that it is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in Dublin, California. Defendants admit that SBC Long Distance, LLC previously employed Plaintiff and other employees during the four years prior to the filing of this action. Except as admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph and on that basis deny each and every remaining allegation contained therein. Defendants deny that any class or subclasses exist or should be certified in this case.

1    12.    Answering Paragraph 12, defendant AT&T Operations, Inc.

2 admits that it is incorporated in the State of Delaware and has its principal place of

3 business in San Antonio, Texas.  Defendants further admit that AT&T Operations,

4 Inc. employed Plaintiff and other employees during the four years prior to the filing

5 of this action.  Except as admitted, Defendants lack sufficient knowledge or

6 information to form a belief as to the truth of the remaining allegations in this

7 Paragraph and on that basis deny each and every remaining allegation contained

8 therein.  Defendants deny that any class or subclasses exist or should be certified in

9 this case.

10

11    13.    Answering Paragraph 13, Defendants admit that Plaintiff

12 purports to bring suit against fictitious entities.  Except as admitted, Defendants

13 deny each and every remaining allegation contained therein.  Defendants further

14 deny that any class exists or should be certified in this case.

15

16    14.    Answering Paragraph 14, the allegations set forth contained

17 therein assert legal conclusions to which no response is required.  To the extent a

18 response is required, Defendants deny each and every remaining allegation

19 contained therein.

20

21    **IV.  GENERAL ALLEGATIONS**

22

23

24    15.    Answering Paragraph 15, Defendants admit that California

25 Labor Code section 1194 provides what it provides.

26

27

28

Case No. 08CV0858 WQH (WMc)
LEGAL_US_W # 59206519.1

-4-

ANSWER TO FIRST AMENDED COMPLAINT

1    16.    Answering Paragraph 16, Defendants admit that Business &

2    Professions Code sections 17203 and 17204 provide what they provide.

3

4

5    17.    Answering Paragraph 17, Defendants admit that they employed

6    Plaintiff in the State of California during portions of the four years prior to the

7    filing of this Complaint and that Defendants have employed other employees

8    during the past four years in the State of California. Defendants lack sufficient

9    knowledge or information to form a belief as to the truth of the remaining

10   allegations contained therein and on that basis deny each and every remaining

11   allegation contained therein. Defendants deny that any class exists or should be

12   certified in this case.

13

14

15    18.    Answering Paragraph 18, Defendants deny each and every

16   allegation contained therein. Defendants further deny that any class exists or

17   should be certified in this case.

18

19

20    19.    Answering Paragraph 19, Defendants admit that in 2008, it

21   reclassified Plaintiff and other employees as overtime eligible and then paid such

22   persons overtime compensation for hours worked over 40 in a week or 8 in a day.

23   Except as admitted, Defendants deny each and every remaining allegation

24   contained therein. Defendants further deny that any class exists or should be

25   certified in this case.

26

27

28

1          20.    Answering Paragraph 20, Defendants deny each and every

2  allegation contained therein.  Defendants further deny that any class exists or

3  should be certified in this case.

4

5

6          21.    Answering Paragraph 21, Defendants deny each and every

7  allegation contained therein.  Defendants further deny that any class exists or

8  should be certified in this case.  Defendants further deny that Plaintiff, or any

9  members of the class he purports to represent, have been damaged at all.

10

11

12          22.    Answering Paragraph 22, Defendants deny each and every

13  allegation contained therein.  Defendants further deny that any class exists or

14  should be certified in this case.

15

16

17          23.    Answering Paragraph 23, Defendants admit that in 2008, it

18  reclassified Plaintiff and other employees as overtime eligible and then paid such

19  persons overtime compensation for hours worked over 40 in a week or 8 in a day.

20  Except as admitted, Defendants deny each and every remaining allegation

21  contained therein.  Defendants further deny that any class exists or should be

22  certified in this case.

23

24

25          24.    Answering Paragraph 24, Defendants deny each and every

26  allegation contained therein.  Defendants further deny that any class exists or

27  should be certified in this case.  Defendants further deny that Plaintiff, or any of the

28  members of the class he purports to represent, has been damaged at all.

1    25.    Answering Paragraph 25, Defendants deny each and every

2    allegation contained therein.  Defendants further deny that any class exists or

3    should be certified in this case.  Defendants further deny that Plaintiff, or any of the

4    members of the class he purports to represent, has been damaged at all.

5

6    ## V.  CLASS ACTION ALLEGATIONS

7

8

9    26.    Answering Paragraph 26, Defendants admit that Plaintiff

10   purports to bring this action on behalf of himself and other individuals as set forth

11   in this Paragraph.  Defendants deny that any class exists or should be certified in

12   this case.

13

14

15   27.    Answering Paragraph 27, Defendants admit that Plaintiff

16   purports to seek certification of a subclass as set forth in this Paragraph.

17   Defendants deny that any class or subclass exists or should be certified in this case.

18

19

20   28.    Answering Paragraph 28, Defendants admit that Plaintiff

21   purports to seek certification of a subclass as set forth in this Paragraph.

22   Defendants deny that any class or subclass exists or should be certified in this case.

23

24

25   29.    Answering Paragraph 29, Defendants admit that Plaintiff

26   purports to seek certification of a subclass as set forth in this Paragraph.

27   Defendants deny that any class or subclass exists or should be certified in this case.

28

1          30.    Answering Paragraph 30, this Paragraph asserts legal

2    conclusions to which no response is required.

3

4

5          31.    Answering Paragraph 31 and its subparts, Defendants admit that

6    Plaintiff has brought this action as a putative class action.  Defendants further admit

7    that they employed and paid Plaintiff on a salaried basis as an exempt employee at

8    certain times during the four years prior to the filing of his Complaint.  Defendants

9    are informed and believe, and on that basis, admit and allege that Plaintiff is

10   represented by legal counsel who has class action experience in complex civil

11   litigation and employment law.  Except as admitted, Defendants deny each and

12   every allegation contained therein.  Defendants further deny that any class exists or

13   should be certified in this case.  Defendants further deny that Plaintiff, or any

14   members of the class he purports to represent, have been damaged at all.

15

16

17         32.    Answering Paragraph 32, Defendants lack sufficient knowledge

18   or information to form a belief as to the truth of the allegations contained therein

19   and on that basis deny each and every allegation contained therein.

20

21                          **VI.  CAUSES OF ACTION**

22

23

24                          **FIRST CAUSE OF ACTION**
                            **FAILURE TO PAY OVERTIME CLAIMS**

25

26         33.    Answering Paragraph 33, Defendants incorporate by reference

27   their responses to Paragraphs 1 through 32, inclusive, as though fully set forth

28   herein.

1    34.    Answering Paragraph 34, Defendants deny each and every
2  allegation contained therein.  Defendants further deny that any class exists or
3  should be certified in this case.  Defendants further deny that Plaintiff, or any
4  members of the class he purports to represent, have been damaged at all.

5

6

7    35.    Answering Paragraph 35, Defendants deny each and every
8  allegation contained therein.  Defendants further deny that any class exists or
9  should be certified in this case.  Defendants further deny that Plaintiff, or any
10  members of the class he purports to represent, have been damaged at all.

11

12 <center>**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**</center>

13

14    36.    Answering Paragraph 36, Defendants incorporate by reference
15  their responses to Paragraphs 1 through 35, inclusive, as though fully set forth
16  herein.

17

18

19    37.    Answering Paragraph 37, Defendants admit that Plaintiff seeks
20  the payment of meal period compensation on behalf of himself and other
21  employees.  Defendants further admit that prior to 2008, Plaintiff and other
22  employees were classified as salaried exempt so the meal period requirements, as
23  alleged in the Complaint, did not apply to them.  Except as admitted, Defendants
24  deny each and every allegation contained therein.  Defendants further deny that any
25  class exists or should be certified in this case.  Defendants further deny that
26  Plaintiff, or any members of the class he purports to represent, have been damaged
27  at all.

28

1      38.   Answering Paragraph 38, Defendants deny each and every

2  allegation contained therein. Defendants further deny that any class exists or

3  should be certified in this case. Defendants further deny that Plaintiff, or any

4  members of the class he purports to represent, have been damaged at all.

5

6
<div align="center">**THIRD CAUSE OF ACTION**<br>**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**</div>

7

8      39.   Answering Paragraph 39, Defendants incorporate by reference

9  their responses to Paragraphs 1 through 38, inclusive, as though fully set forth

10  herein.

11

12

13      40.   Answering Paragraph 40, Defendants admit that Plaintiff seeks

14  the payment of rest period compensation on behalf of himself and other employees.

15  Defendants further admit that prior to 2008, Plaintiff and other employees were

16  classified as salaried exempt employees so the rest period requirements, as alleged

17  in the Complaint, did not apply to them. Except as admitted, Defendants deny each

18  and every allegation contained therein. Defendants further deny that any class

19  exists or should be certified in this case. Defendants further deny that Plaintiff, or

20  any members of the class he purports to represent, have been damaged at all.

21

22

23      41.   Answering Paragraph 41, Defendants deny each and every

24  allegation contained therein. Defendants further deny that any class exists or

25  should be certified in this case. Defendants further deny that Plaintiff, or any

26  members of the class he purports to represent, have been damaged at all.

27

28

Case No. 08CV0858 WQH (WMc)
LEGAL_US_W # 59206519.1

-10-

ANSWER TO FIRST AMENDED COMPLAINT

**FOURTH CAUSE OF ACTION**
**KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED**
**EMPLOYEE WAGE STATEMENT PROVISIONS**

42.    Answering Paragraph 42, Defendants incorporate by reference their responses to Paragraphs 1 through 41, inclusive, as though fully set forth herein.

43.    Answering Paragraph 43, Defendants admit that Labor Code section 226(a) provides what it provides. Except as admitted, Defendants deny each and every allegation contained therein. Defendants further deny that any class exists or should be certified in this case. Defendants further deny that Plaintiff, or any members of the class he purports to represent, have been damaged at all.

44.    Answering Paragraph 44, Defendants deny each and every allegation contained therein. Defendants further deny that any class exists or should be certified in this case. Defendants further deny that Plaintiff, or any members of the class he purports to represent, have been damaged at all.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF UNFAIR COMPETITION LAW**

45.    Answering Paragraph 45, Defendants incorporate by reference their responses to Paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.    Answering Paragraph 46, Defendants deny each and every allegation contained therein. Defendants further deny that any class exists or

1  should be certified in this case.  Defendants further deny that Plaintiff, or any

2  members of the class he purports to represent, have been damaged at all.

3

4

5         47.    Answering Paragraph 47, Defendants admit that Plaintiff

6  purports to bring this cause of action under Business and Professions Code section

7  17200 *et seq.*, and that Plaintiff seeks certain remedies on behalf of himself and

8  putative class members under these Code sections.  Except as admitted, Defendants

9  deny each and every allegation contained therein.  Defendants further deny that

10  any class exists or should be certified in this case.  Defendants further deny that

11  Plaintiff, or any members of the class he purports to represent, have been damaged

12  at all.

13

14

15        48.    Answering Paragraph 48, Defendants admit that Plaintiff

16  purports to bring this cause of action as a cumulative remedy under Business and

17  Professions Code section 17205, and that Plaintiff seeks certain remedies on behalf

18  of himself and putative class members under this Code section.  Except as admitted,

19  Defendants deny each and every allegation contained therein.  Defendants further

20  deny that any class exists or should be certified in this case.  Defendants further

21  deny that Plaintiff, or any members of the class he purports to represent, have been

22  damaged at all.

23

24

25        49.    Answering Paragraph 49, Defendants deny each and every

26  allegation contained therein.  Defendants further deny that any class exists or

27  should be certified in this case.  Defendants further deny that Plaintiff, or any

28  members of the class he purports to represent, have been damaged at all.

1        50.    Answering Paragraph 50, Defendants deny that Plaintiff is

2   entitled to the relief requested and deny each and every allegation contained therein.

3

4   **VII.  PRAYER FOR RELIEF**

5

6        51.    Responding to the Prayer for Relief in the Complaint,

7   Defendants deny that Plaintiff has been or will be damaged in the sums alleged, in

8   any other sum, or at all, by reason of any act or omission of Defendants or any

9   officer, agent or employee of Defendants.  Defendants further deny that the

10  elements of relief sought are available to Plaintiff on the claims alleged.

11

12  **VIII.  AFFIRMATIVE DEFENSES**

13

14  FIRST SEPARATE AND AFFIRMATIVE DEFENSE

15

16       52.    The Complaint, and each purported cause of action contained

17  therein, fails to state facts sufficient to constitute a cause of action.

18

19  SECOND SEPARATE AND AFFIRMATIVE DEFENSE

20

21       53.    Each purported cause of action is barred, in whole or in part, by

22  all applicable statutes of limitations, including but not limited to California Code of

23  Civil Procedure Sections 335.1, 338, 339 and 340; California Labor Code Sections

24  200 *et seq.*; and California Business and Professions Code Section 17208.

25

26

27

28

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

54.    Plaintiff, and the putative class, the existence of which is expressly denied, by reason of their acts, conduct, and omissions, are estopped from obtaining the relief sought in the Complaint.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

55.    Plaintiff, and the putative class, the existence of which is expressly denied, by reason of their acts, conduct, and omissions, have waived their rights, if any, to obtain the relief sought in the Complaint.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

56.    The Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

57.    The Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

58.    The Complaint, and each purported claim for relief alleged therein, is barred because any recovery from Defendants would result in the unjust enrichment of Plaintiff and the classes of persons he purports to represent, the existence of which is expressly denied.

1

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3      59.    The Complaint is barred by the doctrines of *res judicata* and/or

4  collateral estoppel.

5

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

6

7

8      60.    The Complaint is barred by the doctrine of judicial estoppel.

9

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10

11

12      61.    The Complaint is barred, in whole or in part, because during the

13  time Plaintiff was classified as exempt from California's overtime and related

14  wage-and-hour laws, he was properly classified as exempt.  Industrial Welfare

15  Commission Wage Order 4-2001 paragraphs (1)(A)(2) (administrative exemption);

16  (1)(A)(2)(b) (learned professional exemption); and/or (1)(A)(3)(h) (computer

17  professional exemption).

18

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

19

20

21      62.    The Complaint, and each purported cause of action contained

22  therein, is barred because Plaintiff, and the putative class, the existence of which is

23  expressly denied, misperformed their respective duties and failed to perform those

24  duties which Defendants realistically expected each to perform.  *Ramirez v.*

25  *Yosemite Water Co., Inc.,* 20 Cal. 4th 785, 85 Cal. Rptr. 2d 844 (1999).

26

27

28

1

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3      63.    The named Plaintiff fails to satisfy the prerequisites for class

4  certification and, therefore, lacks standing and cannot represent the interests of

5  others as to each of the purported causes of action.

6

7      ## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

8

9      64.    The types of claims alleged by the named Plaintiff on behalf of

10  himself and the putative class, the existence of which is expressly denied, are

11  matters as to which individual questions predominate and, accordingly, are not

12  appropriate for class treatment.

13

14      ## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15

16      65.    The class of persons that the named Plaintiff purports to

17  represent, the existence of which is expressly denied, is not so numerous that

18  joinder is impracticable.

19

20      ## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

21

22      66.    The claims alleged by the named Plaintiff are neither common

23  to nor typical of those, if any, of the alleged class Plaintiff purports to represent, the

24  existence of which is expressly denied.

25

26

27

28

Case No. 08CV0858 WQH (WMc)                    -16-
LEGAL_US_W # 59206519.1

ANSWER TO FIRST AMENDED COMPLAINT

1          SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3          67.    The named Plaintiff is an inadequate representative of any

4    alleged class of persons he purports to represent, the existence of which is expressly

5    denied.

6

7          SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

8

9          68.    Certain of the interests of the putative class of Plaintiff purports

10   to represent are in conflict with the interests of all or certain sub-groups of the

11   members of the alleged class of persons which Plaintiff purport to represent, the

12   existence of which is expressly denied.

13

14         EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15

16

17         69.    Plaintiff's claim under Labor Code section 226 is barred on the

18   grounds that there was no "knowing and intentional failure" on Defendants' part to

19   provide proper itemized earnings statements, nor did Plaintiff or the classes of

20   person he purports to represent, the existence of which is expressly denied, suffer

21   injury as a result of any alleged violation of Labor Code section 226.

22

23         NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

24

25         70.    The fifth purported cause of action under the California

26   Business and Professions Code is barred because the remedies for the alleged

27   violations are limited to the remedies expressly provided in the California Labor

28   Code.

Case No. 08CV0858 WQH (WMc)                    -17-
LEGAL_US_W # 59206519.1

ANSWER TO FIRST AMENDED COMPLAINT

1

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

2

3          71.    Plaintiff's claim for a Court order restoring money to him is a

4    claim for restitution damages and is barred because restitution damages under

5    California Business and Professions Code sections 17200, *et seq.* deny due process,

6    impinge upon procedural and substantive due process rights, and violate the United

7    States Constitution.

8

9          ## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

10

11         72.    Plaintiff, as a private litigant, lacks standing to bring a claim for

12   relief for damages under California Business and Professions Code section 17203.

13

14         ## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

15

16         73.    Plaintiff's claim for relief under California Business and

17   Professions Code Sections 17200 *et seq.* is barred to the extent that he seeks any

18   remedy other than those available under the statute, namely restitution and

19   injunctive relief.

20

21         ## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

22

23         74.    Plaintiff's claim under California Business and Professions

24   Code Sections 17200 *et seq.* is barred because Plaintiff is not seeking recovery of a

25   quantifiable sum owed by Defendants to Plaintiff or any of the persons Plaintiff

26   purports to represent.

27

28

Case No. 08CV0858 WQH (WMc)
LEGAL_US_W # 59206519.1

-18-

ANSWER TO FIRST AMENDED COMPLAINT

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

75.    The Complaint, and each claim for relief contained therein, is barred to the extent that any of the persons Plaintiff purports to represent have released Defendants from liability for such claims, including but not limited to accepting severance pay packages to which they were not otherwise entitled.  Cal. Civ. Code § 1541.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

76.    The Complaint, and each claim for relief contained therein, is barred to the extent that Plaintiff and members of the purported class entered into an accord of the claims asserted in this lawsuit, which accord has been satisfied.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

77.    Plaintiff's claims for penalties are barred because Plaintiff did not timely exhaust the administrative prerequisites to filing such claims and/or otherwise failed to comply with all the statutory prerequisites to bring such claims. Cal. Lab. Code §§ 2699, 2699.3, 2966.5.

## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

78.    The Complaint is barred in whole or in part because at all times relevant to the Complaint, the defendant who employed Plaintiff, and members of the putative class, the existence of which is expressly denied, had an honest, good-faith belief that all decisions with respect to employment of Plaintiff and members

1  of the putative class, the existence of which is expressly denied, were made by it

2  solely for legitimate, business-related reasons and were reasonably based upon the

3  facts as each understood them.

4

5  ## TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

6

7      79.    Plaintiff, and members of the putative class, the existence of which is

8  expressly denied, is not entitled to any penalty award under sections 203, 226,

9  226.3, 226.7, and, but not limited to, 1194 of the California Labor Code because, at

10  all times relevant to the Complaint, the defendants who employed him and

11  members of the putative class, the existence of which is expressly denied, did not

12  willfully fail to comply with the compensation provisions of the California Labor

13  Code or the applicable wage order, but rather each acted in good faith and had

14  reasonable grounds for believing that it did not violate the compensation provisions

15  of the California Labor Code or the applicable wage order.

16

17

18  ## TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

19

20

21      80.    Because liability or damages, if any, to each member of the

22  classes of persons Plaintiff purports to represent may not be determined by a single

23  jury or on a class-wide basis, allowing this action to proceed as a class action would

24  violate Defendants' rights under the Seventh and Fourteenth Amendments to the

25  United States Constitution.

26

27

28

1

## THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

2

3        81.    The damages, if any, of Plaintiff, and the putative class

4   members, the existence of which is expressly denied, are barred or diminished by

5   reason of their failure to mitigate those damages.

6

## THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

7

8

9        82.    Plaintiff's claim for waiting time penalties fails because any

10  failure to pay wages was not willful within the meaning of California Labor Code

11  section 203.

12

## THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

13

14

15       83.    To the extent that Plaintiff seeks any penalties, such claims are

16  barred by a one-year statute of limitations.  Cal. Civ. Proc. Code § 340(a).

17

## THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

18

19

20       84.    The Complaint, and each purported cause of action contained

21  therein, is barred by the after-acquired evidence doctrine.

22

## THIRTIETH-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

23

24

25       85.    To the extent that Plaintiff seeks recovery of attorneys' fees,

26  Plaintiff, and the putative class, the existence of which is expressly denied, is not

27  entitled to such recovery.

28

1    WHEREFORE, Defendants pray for judgment as follows:

2

3         1.    That class certification be denied;

4

5         2.    That Plaintiff take nothing by reason of his Complaint, that the

6    Complaint be dismissed in its entirety with prejudice, and that judgment be entered

7    for Defendants;

8

9         3.    That Defendants be awarded their reasonable costs and

10   attorneys' fees as allowed by statute; and

11

12        4.    That Defendants be awarded such other and further relief as the

13   Court deems just and proper.

14

15

16   DATED: June 20, 2008     J. AL LATHAM, JR.
                           DEBORAH S. WEISER

17                              PAUL, HASTINGS, JANOFSKY & WALKER LLP

18                              By:_____/s/_____
                                         J. AL LATHAM, JR.

19

20                              Attorneys for Defendants
                           SBC LONG DISTANCE, LLC and

21                              AT&T OPERATIONS, INC.

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

3            I am employed in the City and County of Los Angeles, California.  I am over the
age of 18 years and not a party to the within action.  My business address is Paul, Hastings,
Janofsky & Walker LLP, 515 S. Flower Street, 25th Floor, Los Angeles, California 90071.

4

5            On June 20, 2008, I served:

6        **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED
         COMPLAINT**

7

8    on the party(ies) in this action by placing a true copy thereof in a sealed envelope(s), addressed as
follows:

9                        **See Attached Service List**

10

| X |    (BY E-FILE)  I electronically filed the foregoing with the Clerk of the Court using
11          the CM/ECF system which will send notification of such filing to counsel denoted
            on the attached Service List, and I hereby certify that I have mailed the foregoing
12          document(s) via the United States Postal Service to the non-CM/ECF participants
            indicated on the attached Service List.

13

| X |    (BY MAIL)  I placed each such sealed envelope, with postage thereon fully prepaid
14          for first-class mail, for collection and mailing at Paul, Hastings, Janofsky & Walker
            LLP, Los Angeles, California, following ordinary business practices.  I am familiar
15          with the practice of Paul, Hastings, Janofsky & Walker LLP for collection and
            processing of correspondence, said practice being that in the ordinary course of
16          business, correspondence is deposited in the United States Postal Service the same
            day as it is placed for collection.

17

|   |    (BY PERSONAL DELIVERY)  I then sealed the envelope and caused it to be hand
18          delivered to the offices of the addressee(s) below.

19

|   |    (BY UNITED PARCEL SERVICE) I am readily familiar with the practice of Paul,
20          Hastings, Janofsky & Walker LLP for collection and processing of correspondence
            for overnight delivery and know that the document(s) described herein will be
21          deposited in a box or other facility regularly maintained by United Parcel Service for
            overnight delivery.

22

| X |    (FEDERAL)  I declare that I am employed in the office of a member of the bar of
23          this court, at whose direction this service was made.

24            Executed at Los Angeles, California on June 20, 2008.

25

26                        /s/ Francine Sheldon
                          FRANCINE SHELDON

27

28

CASE NO. 08CV0858 WQH (WMC)

LEGAL US W # 59240127.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

Timothy D. Cohelan*
Isam C. Khoury
Michael D. Singer
Cohelan & Khoury
605 C Street, Suite 200
San Diego, CA 92101-5305

Counsel for Plaintiff
Telephone: (619) 595-3001
Facsimile:  (619) 595-3000

Perrgy G. Smith
BARRITT SMITH LLP
17310 Red Hill Ave., Suite 140
Irvine, CA 92614

Co-Counsel for Plaintiff
Telephone: (949) 553-0700
Facsimile:  (949) 553-0715

CASE NO. 08CV0858 WQH (WMC)