UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERFAN "ERIC" AMIDI, on behalf of himself and all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>SBC LONG DISTANCE, LLC, a Delaware Corporation, AT&T OPERATIONS, INC., a Delaware Corporation, and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 08CV0858 WMC<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:        May 27, 2009<br>Time:        2:00 p.m.<br>Dept:        Courtroom C<br><br>Complaint Filed: May 13, 2008<br>TRIAL DATE:     NONE SET |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

CASE NO. 08CV0858 WQH (WMC)

On May 27, 2009, a hearing was held on the Motion of Plaintiff Erfan Amidi ("Plaintiff") for Order Granting Final Court Approval of Class Action Settlement. Diana Khoury and Jason Hill, appeared for Plaintiff; Deborah Weiser of Paul, Hastings, Janofsky & Walker LLP appeared for defendants SBC Long Distance, LLC and AT&T Operations, Inc. ("Defendants").

The parties have submitted their Settlement Agreement and Joint Stipulation evidencing their proposed settlement (the "Settlement"), which this Court preliminarily approved in its January 21, 2009, Order. In accordance with the preliminary approval order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the United States Attorney General and the Attorneys General of the States in which all Class Members reside.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the preliminary approval hearing held on January 22, 2009, and the final approval hearing on May 27, 2009, the Court grants final approval to the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Pursuant to this Court's order of January 22, 2009, a Notice of Class Action Settlement, Claim Form, and Exclusion Form were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the

Settlement. Adequate periods of time were provided by each of these procedures. No Class Members filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing.

2. For the reasons stated in the Court's January 22, 2009 preliminary approval order, the Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement Agreement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

3. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each Class Member and that the Class Members who have not opted out shall by bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

4. Excluded from the Settlement is the one (1) person who submitted a valid and timely request for exclusion. Every person in the Class who did not submit a timely Exclusion Form is a Class Member and shall be bound by the Settlement.

5. The Settlement is not an admission by Defendants as to the merits of the lawsuit or that either of them is appropriate for class treatment. Nor is this Final Judgment a finding as to the validity of any claims in

the lawsuit, its amenability to class certification, or any wrongdoing on behalf of Defendants.

6. Pursuant to the Settlement, all Class Members (except for those who filed Exclusion Forms) are permanently barred from prosecuting against Defendants, and their former and present parents, subsidiaries, and affiliated corporations and entities, and each of their respective officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives, any individual or class claims that were released as set forth in the Settlement, excluding FLSA claims, only, by those Class Members who did not submit claim forms pursuant to the Settlement.

7. The Court finds that the Class Notice provided to the Class Members was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, and that the Class Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, due process and any other applicable laws.  The Court further finds that Defendants fully complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

8. The Court finds and determines that the payments to be made to the Participating Class Members as provided for in the Settlement are fair and reasonable.  The Court hereby gives final approval to and orders the payment of those amounts be made to the Participating Class Members out of the estimated $345,190 available from the Maximum Settlement Amount to pay Participating Class Members in accordance with the terms of the Settlement.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT   -3-   CASE NO. 08CV0858 WQH (WMC)

9. The Court finds and determines that payment to the California Labor Workforce and Development Agency (LWDA) of $5,000 as its share of the Settlement of civil penalties in this case is fair, reasonable, and appropriate; and the Settlement extinguishes Defendants' liability for civil penalties to the State of California, Plaintiff, or Class Members in accordance with the Settlement. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Maximum Settlement Amount in accordance with the terms of the Settlement.

10. The Court will enter a separate order with respect to Plaintiff's motion for an award of his Class Representative Enhancement, Class Counsel Attorneys' Fees and Costs, and Claims Administration Expenses.

11. Any court order regarding the application for Class Counsel's attorneys' fees and Plaintiff's incentive fees shall in no way disturb or affect this Order and shall be considered separate from this Order.

12. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and the payments to be made under the Settlement.

13. The Parties shall bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation of Settlement and the Court's Order Granting Award of Attorneys' Fees, Costs, Class Representative Enhancement, and Claims Administration Expenses.

14. In the event that the Settlement does not become effective in accordance with its terms, then this Judgment and Order and the Settlement Agreement and General Release for the Class Representative shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

IT IS SO ORDERED.

Dated: June 16, 2009

_____
WILLIAM McCURINE, JR.
Magistrate Judge of the
United States District Court
for the Southern District of California

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT      -5-      CASE NO. 08CV0858 WQH (WMC)